## City of East St. Louis v. The Illinois and St. Louis Bridge Company et al.

1. EQUITABLE LIENS—*When They Do Not Exist.*—The City of East St. Louis, by an ordinance, granted to the Illinois & St. Louis Bridge Company the right of constructing an approach to a bridge, with its roadways

over a street and the streets and alleys crossing the same, upon the condition that the company should file with the city a bond in the sum of $60,000, for the payment of all damages for which the city might become responsible to owners of real property adjacent to said street, by reason of the passage of said ordinance and construction of said approach. The company having become insolvent, its property was sold under a decree of foreclosure to the St. Louis Bridge Company. The city having become liable to pay judgments to certain owners of real estate for damages sustained by reason of the premises, instituted proceedings against the purchasers of the sale to enforce payment of the amounts under the condition of the bond. *It was held,* that there was no equitable lien upon the corporate property which attached to the property when sold under the decree of the Federal Court; that the present owners and other persons holding possessory rights and interests therein, stand in the shoes of the purchaser at the sale, and take the property subject to no equitable liens under the terms of the ordinance.

**Memorandum.**—In chancery. Appeal from the Circuit Court of St. Clair County; the Hon. B. H. Canby, Judge, presiding. Heard in this court at the August term, 1893, and affirmed. Opinion filed March 23, 1894.

## Statement of the Case.

On May 20, 1886, the city of East St. Louis filed its bill in the court below against the Illinois and St. Louis Bridge Co., The St. Louis Bridge Co., The St. Louis, Iron Mountain & Southern Ry. Co., The Wabash, St. Louis & Pacific Ry. Co., and the Missouri Pacific Ry. Co., alleging that the Illinois and St. Louis Bridge Co., a corporation duly incorporated in the State of Illinois by a public act of the General Assembly, in force February 21, 1867, having in pursuance of Sec. 8 of said act, consolidated its property and franchises with those of the Illinois and St. Louis Bridge Co., a corporation of Missouri, duly incorporated in that State, the consolidated company bearing the name of "*The Illinois and St. Louis Bridge Company,*" and being a corporation of both States, having the same powers and exercising the same franchises in each, and that prior to 1873, in pursuance of said powers it proceeded to construct a bridge across the Mississippi river from East St. Louis to the city of St. Louis. That in order to construct said bridge, it became necessary to take and permanently appropriate and use a part of Crooks street, in

438     APPELLATE COURTS OF ILLINOIS.

VOL. 52.]     City of East St. Louis v. Ill. & St. L. Bridge Co.

East St. Louis, and build the approaches to the bridge thereon. That said city at the request of said company, did, on February 25, 1873, pass ordinance No. 211, entitled, "An ordinance to allow the Illinois and St. Louis Bridge Company to erect the superstructure of the eastern approach of said bridge over Crooks street and other streets upon certain conditions." Which ordinance sets out as a preamble that "Whereas the Illinois and St. Louis Bridge Company desire to be allowed to raise the superstructure of their approaches to the bridge over Crooks street and the cross streets and alleys intersecting said Crooks street from the west line of Front street to the east line of Fourth street, and are willing to procure thirty feet of land on the south side of Crooks street, and dedicate the same for the purpose of widening Crooks street, so that it will be eighty feet in width, in consideration of the right and privilege to raise and use such superstructure. And the said city of East St. Louis is willing to grant such right and privileges upon said consideration." Sec. 1 of said ordinance provides, that in consideration of the acquisition and dedication by the Illinois and St. Louis Bridge Company, of the thirty feet of land as described in the preamble, and when such dedication is so made, the city doth grant to said company the right and privilege of constructing said eastern approach of and to said bridge, with its roadways over said Crooks street, cross streets and alleys, so that the same be constructed in such a manner as to have sufficient perpendicular space above said cross streets for all practicable purposes of passage thereon.

Sec. 2 authorizes the construction and use of a return way. Sec. 3 authorizes the crossing of Dyke avenue, and other public streets upon certain conditions. Sec. 4 authorizes the temporary use of certain streets for building material, upon condition that the company will pay all judgments recovered against the city for any abuse of the privileges granted by this section. Section 5 requires said company to file with city clerk, the deed dedicating the land for widening Crooks street, and an explanatory plat which

shall be certified to in writing by the city engineer and city attorney. Section 6 requires the company to file with the city clerk a bond binding said company in the sum of $60,000 for the payment of any and all damages which may accrue and for which the city may become responsible to owners of real property adjacent to Crooks street, by reason of the passage and enforcement of this ordinance, such bond to be made payable to the city of East St. Louis for the use of persons thus damaged, and shall be recorded in the journal of the city council, on the day of the date of its filing. Section 7 provides the ordinance shall be operative whenever said dedication is made, and said bond is filed as aforesaid, and not before, and that all rights conferred by the ordinance shall be dependent upon the efficiency of the bond, to the effect that if any judgment obtained thereunder against said bridge company shall from any cause remain unsatisfied for the space of ninety days from and after final adjudication, all such rights shall cease as if never granted.

It is next alleged in the bill that complainant, being then the fee simple owner of the streets named, in and by said ordinance, and upon the conditions contained therein, granted said company the right and privilege of constructing the eastern approach of said bridge, with its roadways over said Crooks street, and streets and alleys crossing the same. Alleges that one of said conditions precedent was the filing of the bond in the sum of $60,000, conditioned as required by said ordinance. That said bond, signed by said company only, was duly filed and accepted by complainant, July 1, 1873, and the other conditions precedent named in said ordinance were complied with by the company and the ordinance went into effect. Alleges the provision of said 7th section of said ordinance; alleges that various persons owning property adjacent to Crooks street, being damaged by reason of the passage and enforcement of the ordinance, and the building, maintaining and operating of the said bridge, brought suit against complainant and recovered judgments in the City Court of East St. Louis and

440     APPELLATE COURTS OF ILLINOIS.

VOL. 52.]    City of East St. Louis v. Ill. & St. L. Bridge Co.

refers to a list thereof marked exhibit "C" and made part of the bill. That complainant has paid the judgment in said list named, recovered by John M. Sullivan, amounting, with interest and costs, to $3,465.70, and is liable to pay all the other judgments in said list. That all of the property, franchises and privileges of the "Illinois and St. Louis Bridge Co." were mortgaged to secure certain of its bonds and were duly sold on December 20, 1878, under a decree of the United States Circuit Court for the Eastern District of Missouri, and by various conveyances have passed into the hands of the "St. Louis Bridge Co.," a corporation of Missouri, which now owns the same.

That since said date the "Illinois and St. Louis Bridge Co." has been wholly insolvent, and any suit upon said bond would have been wholly unavailing. That since that date, the Missouri Pacific Railroad Co., a corporation of Missouri, the St. Louis, Iron Mountain & Southern Ry. Co., and the St. Louis, Wabash & Pacific Ry. Co. have acquired some possessory rights in said bridge and the property pertaining thereto, and have some interest therein, and said St. Louis Bridge Co. and said three corporations are now using said Crooks street, and streets and alleys crossing it, as the same were originally appropriated under said ordinance, for maintaining and operating a portion of said bridge therein, and refuse to pay complainant said judgments. Prays that upon the hearing, the court will enjoin defendants and each of them from maintaining or operating in said Crooks street any portion of said bridge or its approaches, until the amount of said judgments, with interest and costs, is paid to complainant. That the court will decree that said judgments, interest and costs be paid by defendants, or some of them, to complainant within a short day; and in default thereof that the said bridge structure, with its approaches, in this State, may be sold to satisfy the amount of the liability of complainant, on account of said judgments. Prayer for general relief. To this bill a general demurrer was interposed by the defendants on November 30, 1886, and on the 24th day of March, 1887, the demurrer was sustained, and

complainant electing to stand by its bill, the same was dismissed by the court, and an order entered that defendants recover of complainant their costs. Whereupon complainant then and there craved and was allowed an appeal to this court. No appeal having been perfected, complainant sued out this writ of error March 23, 1892.

CHARLES W. THOMAS, attorney for plaintiff in error.

G. & G. A. KOERNER, attorneys for all defendants in error except Illinois and St. Louis Bridge Co.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

It is quite apparent from the foregoing statement that complainant's bill is defective, in substance, and if the material allegations therein are true, they furnish no sufficient equitable grounds for granting any of the relief prayed for. Counsel for plaintiff in error claim, however, in the printed brief, that the bill is good on two grounds, viz.: Because it is the right of a property owner to enjoin the use of his property by a corporation which is exceeding its powers and has not paid for the privilege; and because a city has the right to enjoin the unauthorized use of its streets. Granting both these propositions to be correct, the applicability thereof under the facts alleged is not perceived by us. The city was and is the sole owner of Crooks street, over and along which the consolidated bridge company was granted the right to construct, use, maintain and operate the eastern approach and roadways of its bridge. The grant was perfected by the company giving the city the consideration required by the first section of said ordinance, and performing all the conditions precedent to the exercise of such right as therein provided, all of which, as admitted in the bill, was so done and performed; and thereupon the company by virtue of the power and authority so lawfully conferred upon it by the city, and after expending the large amount of money required to build the bridge, approach and roadways, entered into the use and enjoyment of the right so granted,

442    Appellate Courts of Illinois.

Vol. 52.]    City of East St. Louis v. Ill. & St. L. Bridge Co.

as it lawfully might.    It thus appears the company did not exceed its powers, that it did pay for the privilege granted, and whatever it did was not unauthorized, but was done by the express authority of the city.    Hence, the city had no right to the injunction upon either of the two grounds mentioned.    But we apprehend the real and only ground relied on by counsel for plaintiff in error to maintain the bill is, that the consolidated bridge company was bound by the terms of sections 6 and 7 of said ordinance, to pay the judgments referred to in the bill, which were recovered against the city; that an equitable lien upon the corporate property was thereby created, which attached to the property when sold under the decree of the Federal Court, and the present owner thereof, and the other defendants holding possessory rights and an interest therein, stand in the shoes of the purchaser at said sale, and took the property subject to the terms of said sections of the ordinance and subject to such equitable lien.    This contention is not tenable.    It is not alleged in the bill that said judgments were entered before the execution of the mortgage foreclosed in the Federal Court, nor is the date of its execution stated.

It is not alleged that the sale under said decree was a conditional sale, and by the terms thereof, the purchaser assumed the liabilities of the consolidated bridge company. Nor is it denied that said sale was absolute and unconditional.    There is nothing alleged in the bill to show that the purchaser at the sale took the property subject to any liabilities of the mortgager, or to any conditions of said ordinance.    Upon the showing made, he purchased the property free from any equitable, or other lien, and the St. Louis Bridge Company own the property, unincumbered by any lien or liabilities.    It is said in the opinion in People v. L. & N. R. R. Co., 120 Ill. 49, the contract of a railway company to perform certain conditions in consideration of a donation or subscription to its aid, made by a county, is merely a personal undertaking, and is not in the nature of a covenant running with the land, and a purchaser of such company's road and property is under no personal

obligation to perform such contract. It is also said in the same opinion, so a railway company which succeeds to the ownership and franchises of another company, by purchase under a decree of foreclosure against it and its lessee, will owe no duty to the county not imposed by law, and will take the road and its property absolutely discharged from the contract between the county and the original railway company. The same doctrine is announced in Morgan Company v. Thomas, 76 Ill. 120. We hold, therefore, that neither the Illinois Bridge Company, nor its co-defendants, the three corporations named in the bill, are liable in law or equity, to pay said judgments, and that it would have been inequitable and unjust to grant an injunction for the purpose of coercing the payment thereof by said defendants. They were in nowise bound or affected by the personal obligation of the consolidated company, evidenced by its bond given in accordance with the provisions of section 6 and section 7 of the ordinance. The city contracted to take that bond as its sole security against loss in case it became liable for damages to the owners of real property adjacent to Crooks street by reason of the passage and enforcement of the ordinance, and is bound by its contract. The bond was payable to the city for the use of persons thus damaged, and contained the condition that, if any judgment obtained thereunder against said bridge company should be unsatisfied for the space of ninety days after final adjudication, all rights conferred by the ordinance "shall cease, as if never granted."

No suit was brought upon the bond and no such judgment was obtained; hence no rights conferred by said ordinance were forfeited, and the remedy to recover from the consolidated company the damages to the owners of said real property was at law, and no reason for granting any of the equitable relief prayed for as against that company, is shown by the bill. We have not discussed the questions whether or not the city could be made legally liable for damages to the said owners of such real property, by reason of the passage and enforcement of an ordinance it had the

lawful right to enact, as that question is not presented for our consideration; nor is it necessary to refer to the *laches* of complainant, or the fact that it retained and still keeps the consideration it received for the grant, as additional reasons why the relief prayed for was properly denied. The decree is affirmed.